UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60361-RAR

**ERVIN WATSON**,

    Plaintiff,

v.

**"BROWARD COUNTY SHERIFF OFFICE**,"[1]

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Complaint [ECF No. 1]. Plaintiff, Ervin Watson, is a pre-trial detainee confined in Broward County Main Jail ("BSO Main Jail"). *See generally id.* According to Plaintiff, "BSO Main Jail"—the sole defendant in this action—has "mind reading machines" designed to circumvent the Fourth Amendment proscription against unreasonable searches and seizures. *Id.* at 2. Plaintiff, in addition, claims that BSO Main Jail has violated the Thirteenth Amendment's prohibition of slavery by "selling" Plaintiff's "thought[s]" and "ideas" or otherwise "broadcasting" his thoughts and ideas without payments being made to Plaintiff. *Id.*

Because Plaintiff is proceeding *in forma pauperis*, *see* IFP Order [ECF No. 4], the Court has screened his Complaint under the provisions of 28 U.S.C. § 1915(e). As set forth below, Plaintiff's Complaint is **DISMISSED** *with prejudice* for failure to state a claim and frivolousness.

---

[1] The Court uses Plaintiff's erroneous labeling for this Defendant because it makes no difference to the outcome of this case.

## LEGAL STANDARD

A court may authorize a party to proceed *in forma pauperis* in any suit, or appeal thereof, so long as the party complies with the prescriptions of 28 U.S.C. § 1915(a)(1). In such cases, however, the Court must perform a screening process and "shall dismiss [a] case at any time" if it determines that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]

"For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (cleaned up). As for the second subsection, § 1915(e)(2)(B)(ii), the standard resembles the familiar standard applicable under Fed. R. Civ. P. 12(b)(6). Accordingly, to state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

## ANALYSIS

To begin, "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir.

---

[2] Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," the Court may "dismiss the complaint, or any portion of the complaint," under 28 U.S.C. § 1915A, if the case implicates any of the same deficiencies identified in § 1915(e)(2).

2017) (cleaned up); *see also Torres v. Miami-Dade Cty., Fla.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations.").

No liberal construction could salvage the Complaint in this case. Here, Plaintiff's Complaint depends on the existence of "mind reading machines" that permit BSO Main Jail to "broadcast" his thoughts. These allegations obviously cannot create a plausible inference that *any* defendant is liable for the misconduct alleged. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1106–07 (11th Cir. 2015) ("To avoid dismissal for failure to state a claim on which relief can be granted, a complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)); *cf. Shuler v. Ingram & Associates*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011) (explaining courts do not rewrite insufficient pleadings to sustain an action, even those drafted by *pro se* litigants). This is because Plaintiff's allegations are nowhere close to crossing the line between possibility and plausibility. *See Iqbal*, 556 U.S. at 678.

Stated more plainly, and in the alternative, the Complaint "tip[ped] into frivolity" because Plaintiff's implausible allegations of mind reading machines are so "fantastic" that they "defy reality as we know it." *See Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting) (cleaned up)). In short, the Complaint fails to state a claim upon which relief can be granted and is frivolous.

## CONCLUSION

Based on the foregoing, and having carefully reviewed the record, the Complaint is **DISMISSED *with prejudice*** for failure to state a claim and frivolousness. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint

as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). The Clerk of Court shall **CLOSE** this case. Any pending motions are **DENIED** as moot and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of February, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Ervin Watson
      501705054
      Broward County Main Jail
      Inmate Mail/Parcels
      Post Office Box 9356
      Fort Lauderdale, FL 33310
      PRO SE